IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEALIX, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:11-cv-3928 |
| GONE OFF DEEP, LLC, dba | § | |
| GAMECOCK MEDIA GROUP AND | § | |
| SOUTHPEAK INTERACTIVE, LLC, | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Healix, Inc. ("*Healix*") files this Original Complaint for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and respectfully shows the Court as follows:

### I. SUMMARY OF THE CASE

1.  This lawsuit arises from Defendants' baseless attempt to collect from Healix an unconfirmed, overreaching arbitration award recently issued against a third party, TimeGate Studios, Inc. ("*TimeGate*"). In the related lawsuit which gave rise to the arbitration award, *TimeGate Studios, Inc. v. Southpeak Interactive, LLC*, No. H-09-03958 (S.D. Tex. filed Dec. 10, 2009), the Court explicitly rejected Defendants' attempt to join Healix as a party to the arbitration under alter-ego and single business enterprise theories simply because it has a business relationship with TimeGate. Despite the Court's ruling, Defendants have now threatened suit against Healix, seeking to hold it liable for the unconfirmed award under the same theories. By this action, Healix seeks to resolve the uncertainty raised by Defendants' threatened suit and to obtain a declaration that it is not liable to Defendants under alter-ego, single-business-enterprise, or other theory of joint and several liability.

## II. PARTIES

2. Healix is a Texas corporation with its principal place of business in Sugar Land, Texas.

3. Defendant Gone Off Deep, LLC, is a Delaware limited liability company with its principal place of business located at 2900 Polo Parkway, Suite 104, Midlothian, Virginia 23113. Upon information and belief, none of the members of Gone Off Deep are citizens of Texas. Gone Off Deep, LLC may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

4. Defendant SouthPeak Interactive, LLC, is a Delaware limited liability company with its principal place of business located at 2900 Polo Parkway, Suite 104, Midlothian, Virginia 23113. Upon information and belief, none of the members of SouthPeak Interactive, LLC are citizens of Texas. SouthPeak Interactive, LLC may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III. JURISDICTION

5. This is a civil action seeking a declaration that Healix is not, as alleged by Defendants, liable to them for any part of the arbitration award issued against TimeGate. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. The Court has authority to grant the requested declaratory relief under 28 U.S.C. § 2201.

6. The Court has personal jurisdiction over Defendants because they regularly conduct business in Texas. Furthermore, Defendants are parties to the related action currently pending in the Southern District of Texas and have threatened suit against Healix, which maintains its principle place of business in this Judicial District.

## IV.
## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims arose within this district.

## V.
## FACTUAL BACKGROUND

8. Healix is a health care company that provides consulting and outsourcing services to physicians, hospitals, and medical institutions.

9. Some of Healix's shareholders own stock in TimeGate, a separate corporation in the business of developing video games.

10. Healix and TimeGate have an existing business arrangement with each other whereby Healix extended a line of credit to TimeGate to be repaid over a period of time and which is secured by TimeGate's assets.

11. While Healix performs administrative support services for TimeGate, TimeGate is required to compensate Healix for those services. The two companies have separate employees, separate bank accounts, and operate independently from one another.

12. Since December 10, 2009, Defendants and TimeGate Studios, Inc. have been litigating a dispute over a joint venture involving the development and marketing of SECTION 8®,

a video game. That dispute is currently pending before the Honorable Keith P. Ellison of the United States District Court for the Southern District of Texas. *See TimeGate Studios, Inc. v. Southpeak Interactive, LLC*, No. H-09-03958 (S.D. Tex. filed Dec. 10, 2009) ("**the Section 8 Lawsuit**").

13. On July 19, 2010 the Court issued an order compelling Defendants and TimeGate to arbitration, while retaining jurisdiction over certain claims. The Court stayed the litigation pending resolution of the arbitration.

14. Defendants and TimeGate thereafter asserted claims and counterclaims against each other in a resulting arbitration proceeding before the American Arbitration Association. The arbitration proceeding was styled *TimeGate Studios, Inc. v. Southpeak Interactive, LLC*, AAA Cause No. 70 117 00673 10 ("**the Section 8 Arbitration**").

15. On April 14, 2011, while the Section 8 Arbitration was still pending, Defendants returned to court and filed a motion to join Healix as an additional party to the Section 8 Lawsuit and to compel it to participate in the Section 8 Arbitration [Section 8 Lawsuit, Docket Entry #140 filed on April 14, 2011].

16. Defendants argued that Healix should be joined as a party to the Section 8 Lawsuit and the Section 8 Arbitration (1) because Healix operates as a single business enterprise with TimeGate and attempted to transfer all of TimeGate's assets to itself and (2) because Healix is an alter ego of TimeGate. Defendants also argued that Healix should be held jointly and severally liable for any award the arbitrator might issue to Defendants.

17. On April 20, 2011, the Court heard argument on Defendants' motion to join Healix to the Section 8 Lawsuit. The Court denied the motion outright, and stated on the record that it did not "see any basis at all for requiring ... Healix to participate in the arbitration or to think that TimeGate or Healix have done [anything] improper. So the motion will be denied." *See* Exhibit "A" (April 20, 2011 transcript) at 13.

18. Accordingly, Healix is not a party to the Section 8 Lawsuit or to the Section 8 Arbitration.

19. Defendants and TimeGate arbitrated their claims before an AAA arbitrator. Healix was not a party those proceedings.

20. On November 3, 2011, the arbitrator issued an award in the Section 8 Arbitration, which required TimeGate to pay Defendants a specified amount of damages, attorneys' fees, as well as costs and interests. The Section 8 Arbitration Award does not list Healix as a responsible party. In fact, it does not mention Healix at all.

21. Just hours after the arbitrator issued his award, Defendants' counsel telephoned TimeGate's counsel and notified him that Defendants planned to initiate recovery efforts against Healix and to file suit against it. Notwithstanding the Court's rejection of Defendants' alter ego and single business enterprise theories, Defendants' counsel threatened suit against Healix on those same grounds in an effort to recover some or all of the Section 8 Arbitration Award from Healix.

22.     Against this backdrop, Healix brings this action for declaratory relief, seeking to resolve the actual controversy raised by Defendants regarding Healix's liability for the award that might become due under the Section 8 Arbitration.

## VI.
## CLAIM FOR RELIEF:
## DECLARATION THAT HEALIX IS NOT THE ALTER EGO OF TIMEGATE, THAT IT IS DOES NOT OPERATE UNDER A SINGLE BUSINESS ENTERPRISE, THAT IT HAS NOT FRAUDULENTLY TRANSFERRED TIMEGATE'S ASSETS TO ITSELF AND THAT IT IS NOT LIABLE FOR THE ARBITRATION AWARD

23.     Healix incorporates its prior allegations herein.

24.     This case involves an actual controversy between Healix and Defendants regarding Healix's liability for the Section 8 Arbitration Award issued against TimeGate.

25.     Defendants' repeated allegations that Healix is an alter ego of TimeGate, that the two companies are part of a "single business enterprise," that it has transferred TimeGate's assets to itself outside the normal course of business, and that Healix is otherwise liable for the Section 8 Arbitration Award have raised a cloud of uncertainty over Healix's ongoing healthcare business and will not only negatively affect its line of credit, but its ability to conduct operations within the healthcare industry. Defendants' allegations are false, as Healix is an independent corporation that simply has a business relationship with TimeGate. At no time has Healix controlled TimeGate's business, nor was it involved in the development of SECTION 8®, or in the Section 8 Arbitration. The Court should therefore enter a judgment declaring that (a) Healix is not an alter ego of TimeGate, (b) Healix does not operate as a single business enterprise with TimeGate, (c) Healix has not fraudulently transferred TimeGate's assets to itself, and (d) Healix is not liable to Defendants for any amounts that might become due as a result of the Section 8 Arbitration.

# VII.
# PRAYER

26. Healix respectfully requests that Defendants be cited to appear and answer the allegations made in this Original Complaint. Healix further requests that this Court make the following declaration under the Federal Declaratory Judgment Act:

    (a)    That Healix is not an alter ego of TimeGate;

    (b)    That Healix is not liable for TimeGate's debit under the "single business enterprise" theory;

    (c)    That Healix has not fraudulently transferred TimeGate's assets to itself; and

    (c)    That Healix is not liable to Defendants for any amounts that might become due as a result of the Section 8 Arbitration Award.

27. Pursuant to Federal Rule of Civil Procedure 57, Healix requests that these proceedings be expedited.

28. Healix further requests all other relief to which it may be entitled.

Respectfully submitted,

VINSON & ELKINS L.L.P.

*/s/ Christopher V. Popov*
Christopher V. Popov
State Bar No. 24032960
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
(713) 758-2636
(713) 615-5033 (Facsimile)
*cpopov@velaw.com*

*Attorneys for the Plaintiff Healix, Inc.*